Fill in this information to identify the case:

Debtor 1 **ESTRELLA LOPEZ**

Debtor 2 ____
(Spouse if filing)

United States Bankruptcy Court for the: **EASTERN DISTRICT OF MICHIGAN**
Case number **17-22002**
WWR # **21391381**

Official Form 427

# Cover Sheet for Reaffirmation Agreement

12/15

Anyone who is a party to a reaffirmation agreement may fill out and file this form. Fill it out completely, attach it to the reaffirmation agreement, and file the documents within the time set under Bankruptcy Rule 4008.

## Part 1: Explain the Repayment Terms of the Reaffirmation Agreement

| | | |
|---|---|---|
| 1. Who is the creditor? | INDEPENDENT BANK<br>Name of the creditor | |
| 2. How much is the debt? | On the date that the bankruptcy case is filed $55,359.99<br>To be paid under the reaffirmation agreement $55,359.99<br>$564.12 per month for 126 Months (if fixed interest rate) | |
| 3. What is the Annual Percentage Rate (APR) of interest? (See Bankruptcy Code § 524(k)(3)(E).) | Before the bankruptcy case was filed 4.875%<br>Under the reaffirmation agreement 4.875% | ☒ Fixed Rate<br>☐ Adjustable rate |
| 4. Does collateral secure the debt | ☐ No<br>☒ Yes. Describe the collateral. 2000 Fremont Street, Bay City, MI 48708<br>Current market value $70,000.00 | |
| 5. Does the creditor assert that the debt is nondischargeable? | ☒ No<br>☐ Yes. Attach an explanation of the nature of the debt and the basis for contending that the debt is nondischargeable | |
| 6. Using information from Schedule I: *Your Income* (Official Form 106I) and Schedule J: *Your Expenses* (Official Form 106J), fill in the amounts. | **Income and expenses reported on Schedules I and J**<br><br>6a. Combined monthly income from Line 12 of Schedule I $3309.00<br>6b. Monthly expenses from line 22c of Schedule J $3260.00<br>6c. Monthly payments on all reaffirmed debts not listed on Schedule J -$ 0<br>6d. Scheduled net monthly income $49.00<br>Subtract lines 6b and 6c from 6a.<br>If the total is less than 0, put the number in brackets. | **Income and expenses stated on the reaffirmation agreement**<br><br>6e. Monthly income from all sources after payroll deductions $3309.00<br>6f. Monthly expenses -$3260.00<br>6g. Monthly payments on all reaffirmed debts not included in monthly expenses -$ 0<br>6h. Present net monthly income $49.00<br>Subtract lines 6f and 6g from 6e.<br>If the total is less than 0, out the Number in brackets |

Official Form 427          Cover Sheet for Reaffirmation Agreement          page. 1

| Debtor 1 ESTRELLA LOPEZ | Case number (if known) 17-22002 |

| | | |
|---|---|---|
| 7. Are the income amounts on line 6a and 6e different? | ☒ No<br>☐ Yes Explain why they are different and complete line 10. _____ | |
| 8. Are the expense amounts on lines 6b and 6f different? | ☒ No<br>☐ Yes Explain why they are different and complete line 10. _____ | |
| 9. Is the net monthly income in line 6h less than 0? | ☒ No<br>☐ Yes. A presumption of hardship arises (unless the creditor is a credit union).<br>Explain how the debtor will make monthly payments on the reaffirmed debt and pay other living expenses Complete line 10. | |
| 10. Debtor's certification about lines 7-9<br><br>If any answer on lines 7-9 is *Yes* the debtor must sign here.<br><br>If all the answers on lines 7-9 are *No*, go to line 11. | I certify that each explanation on lines 7-9 is true and correct.<br><br>x /s/ Estrella Lopez<br>Signature of Debtor 1 | x _____<br>Signature of Debtor 2 (Spouse. Only in a Joint Case) |
| 11. Did an attorney represent the debtor in negotiating the reaffirmation agreement? | ☐ No<br>☒ Yes. Has the attorney executed a declaration or an affidavit to support the reaffirmation agreement?<br>   ☐ No<br>   ☒ Yes | |

### Part 2: Sign Here

| | |
|---|---|
| Whoever fills out this form must sign here. | I certify that the attached agreement is a true and correct copy of the reaffirmation agreement between the parties identified on this *Cover Sheet for Reaffirmation Agreement*<br><br>x /s/ _____    Date: 1-2-18 MM/DD/YYYY<br><br>Geoffrey J. Peters, Attorney for Creditor<br>Weltman, Weinberg & Reis Co., LPA<br>3705 Marlane Drive<br>Grove City, OH 43123<br><br>Check one<br>☐ Debtor or Debtor's Attorney<br>☒ Creditor or Creditor's Attorney |

B 2400A/B ALT (Form 2400A/B ALT) (12/15)

WWR# 21391381

☐ Presumption of Undue Hardship
☒ No Presumption of Undue Hardship
(Check box as directed in Part D: Debtor's Statement in Support of Reaffirmation Agreement)

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN at BAY CITY

In re:
ESTRELLA LOPEZ

Debtor(s)

Case No. 17-22002
Chapter 7
Judge: Daniel S. Opperman

## REAFFIRMATION AGREEMENT
*[Indicate all documents included in this filing by checking each applicable box.]*

☐ Part A: Disclosures, Instructions, and Notice to Debtor (pages 1 - 5)

☐ Part B: Reaffirmation Agreement

☐ Part C: Certification by Debtor's Attorney

☐ Part D: Debtor's Statement in Support of Reaffirmation Agreement

☐ Part E: Motion for Court Approval

*[Note: Complete Part E only if debtor was not represented by an attorney during the course of negotiating this agreement. Note also: If you complete Part E, you must prepare and file Form 240C ALT - Order on Reaffirmation Agreement.]*

**Name of Creditor: INDEPENDENT BANK**

☐ *[Check this box if]* Creditor is a Credit Union as defined in §19(b)(1)(a)(iv) of the Federal Reserve Act

**PART A: DISCLOSURE STATEMENT, INSTRUCTIONS AND NOTICE TO DEBTOR**

1. **DISCLOSURE STATEMENT**

*Before Agreeing to Reaffirm a Debt, Review These Important Disclosures:*

**SUMMARY OF REAFFIRMATION AGREEMENT**
This Summary is made pursuant to the requirements of the Bankruptcy Code.

**AMOUNT REAFFIRMED**

The amount of debt you have agreed to reaffirm: $55,359.99
The amount of debt you have agreed to reaffirm includes all fees and costs (if any) that have accrued as of the date of this disclosure. Your credit agreement may obligate you to pay additional amounts which may come due after the date of this disclosure. Consult your credit agreement

ANNUAL PERCENTAGE RATE

*[The annual percentage rate can be disclosed in different ways, depending on the type of debt]*

    a. If the debt is an extension of "credit" under an "open end credit plan," as those terms are defined in § 103 of the Truth in Lending Act, such as a credit card, the creditor may disclose the annual percentage rate shown in (i) below or, to the extent this rate is not readily available or not applicable, the simple interest rate shown in (ii) below, or both.

        (i) The Annual Percentage Rate disclosed, or that would have been disclosed, to the debtor in the most recent periodic statement prior to entering into the reaffirmation agreement described in Part B below or, if no such periodic statement was given to the debtor during the prior six months, the annual percentage rate as it would have been so disclosed the time of the disclosure statement:   %.

        --- And/Or ---

        (ii) The simple interest rate applicable to the amount reaffirmed as of the date this disclosure statement is given to the debtor:   %. If different simple interest rates apply to different balances included in the amount reaffirmed, the amount of each balance and the rate applicable to it are:

        $ _____ @ _____ %  
        $ _____ @ _____ %  
        $ _____ @ _____ %

    b. If the debt is an extension of credit other than under than an open end credit plan, the creditor may disclose the annual percentage rate shown in (I) below, or, to the extent this rate is not readily available, the simple interest rate shown in (ii) below, or both.

        (i) The Annual Percentage Rate under §128(a)(4) of the Truth in Lending Act, as disclosed to the debtor in the most recent disclosure statement given to the debtor prior to entering into the reaffirmation agreement with respect to the debt or, if no such disclosure statement was given to the debtor, the annual percentage rate as it would have been so disclosed: 4.875%..

        --- And/Or ---

        (ii) The simple interest rate applicable to the amount reaffirmed as of the date this disclosure statement is given to the debtor:   %. If different simple interest rates apply to different balances included in the amount reaffirmed, the amount of each balance and the rate applicable to it are:

        $ _____ @ _____ %  
        $ _____ @ _____ %  
        $ _____ @ _____ %

**Form 2400A/B ALT - Reaffirmation Agreement (Cont.)**

c. If the underlying debt transaction was disclosed as a variable rate transaction on the most recent disclosure given under the Truth in Lending Act:

The interest rate on your loan may be a variable interest rate which changes from time to time, so that the annual percentage rate disclosed here might be higher or lower

d. If the reaffirmed debt is secured by a security interest or lien, which has not been waived or determined to be void by a final order of the court, the following items or types of items of the debtor's goods or property remain subject to such security interest or lien in connection with the debt or debts being reaffirmed in the reaffirmation agreement described in Part B.

| Item or Type of Item | Original Purchase price or Original Amount of Loan |
|---|---|
| 2000 Fremont Street, Bay City, MI 48708 | $79,500.00 |

*Optional* ---*the election of the creditor, a repayment schedule using one or a combination of the following may be provided*

**Repayment Schedule:**

Your first payment in the amount of $564.12 is due on November 1, 2017 but the future payment amount may be different. Consult your reaffirmation agreement or credit agreement, as applicable.

Your payment schedule will be **126** payments in the amount of $564.12 each payable monthly on the 1st of each month unless altered later by mutual agreement in writing.

Arrearages in the amount of $1,873.17 are to be paid, pursuant to the terms of the attached Repayment Plan.

- Or -

A reasonably specific description of the debtor's repayment obligations to the extent known by the creditor or creditor's representative.

### 2. INSTRUCTIONS AND NOTICE TO DEBTOR

Reaffirming a debt is a serious financial decision. The law requires you to take certain steps to make sure the decision is in your best interest. If these steps are not completed, the reaffirmation agreement is not effective, even though you have signed it.

1. Read the disclosures in this Part A carefully. Consider the decision to reaffirm carefully. Then, if you want to reaffirm, sign the reaffirmation agreement in Part B (or you may use a separate agreement you and your creditor agree on).

2. Complete and sign Part D and be sure you can afford to make the payments you are agreeing to make and have received a copy of the disclosure statement and a completed and signed reaffirmation agreement.

3. If you were represented by an attorney during the negotiation of your reaffirmation agreement, the attorney must have signed the certification in Part C.

4. If you were not represented by an attorney during the negotiation of your reaffirmation agreement, you must have completed and signed Part E.

5. The original of this disclosure must be filed with the court by you or your creditor. If a separate reaffirmation agreement (other than the one in Part B) has been signed, it must be attached.

6. If the creditor is not a Credit Union and you were represented by an attorney during the negotiation of your reaffirmation agreement, your reaffirmation agreement becomes effective upon filing with the court unless the reaffirmation is presumed to be an undue hardship as explained in Part D. If the creditor is a Credit Union and you were represented by an attorney during the negotiation of your reaffirmation agreement, your reaffirmation becomes effective upon filing with the court.

7. If you were not represented by an attorney during the negotiation of your reaffirmation agreement, it will not be effective unless the court approves it. The court will notify you and the creditor of the hearing on your reaffirmation agreement. You must attend this hearing in bankruptcy court where the judge will review your reaffirmation agreement. The bankruptcy court must approve your reaffirmation agreement as consistent with your best interests, except that no court approval is required if your reaffirmation agreement is for a consumer debt secured by a mortgage, deed of trust, security deed or other lien on your real property, like your home.

## YOUR RIGHT TO RESCIND (CANCEL) YOUR REAFFIRMATION AGREEMENT

You may rescind (cancel) your reaffirmation agreement any time before the bankruptcy court enters a discharge order, or before the expiration of the 60-day period that begins on the date your reaffirmation agreement is filed with the court, whichever occurs later. To rescind (cancel) your reaffirmation agreement, you must notify the creditor that your reaffirmation agreement is rescinded (or canceled).

**Frequently Asked Questions:**

<u>What are your obligations if you reaffirm the debt?</u> A reaffirmed debt remains your personal legal obligation. It is not discharged in your bankruptcy case. That means if you default on your reaffirmed debt after your bankruptcy case is over, your creditor may be able to take your property or your wages. Otherwise, your obligations will be determined by the reaffirmation which may have changed the terms of the original agreement. For example, if you are reaffirming an open end credit agreement, the creditor may be permitted by that agreement or applicable law to change the terms of that agreement in the future under certain conditions.

<u>Are you required to enter into a reaffirmation agreement by any law?</u> No you are not required to reaffirm a debt by any law. Only agree to reaffirm a debt if it is in your best interest. Be sure you can afford the payments you agree to make.

<u>What if your creditor has a security interest or lien?</u> Your bankruptcy discharge does not eliminate any lien on your property. A "lien" is often referred to as a security interest, deed of trust, mortgage or security deed. Even if you do not do not reaffirm and your personal liability on the debtor is discharged, because of the lien your creditor may still have the right to take the property securing the lien if you do not pay the debt or default on it. If the lien is on an item of personal property that is exempt under your State's law or that the trustee has abandoned, you may be able to redeem the item rather than reaffirm the debt. To redeem, you must make a single payment to the creditor equal to the amount of the allowed secured claim, as agreed by the parties or determined by the court.

**NOTE:** When this disclosure refers to what a creditor " may" do it does not use the word "may".
To give the creditor specific permissions. The word "may" is used to tell you what might occur if the law permits the creditor to take the action. If you have questions about reaffirming a debt or what the law requires, consult with the attorney who helped you negotiate this agreement reaffirming a debt. If you don't have an attorney helping you, the judge will explain the effect of your reaffirming a debt when the hearing on the reaffirmation agreement is held.

## PART B: REAFFIRMATION AGREEMENT.

I (we) agree to reaffirm the debts arising under the credit agreement described below.

1. Brief description of credit agreement: Note & Mortgage

2. Description of any changes to the credit agreement made as part of this reaffirmation agreement: None

3.

SIGNATURE(S)
Borrower

ESTRELLA LOPEZ

X *Estrella Lopez* (signature)

Date: 12-21-17

Accepted by Creditor

INDEPENDENT BANK
4200 East Beltline Ave. NE
Grand Rapids, MI 49525

/S/ *(signature)*
Geoffrey J. Peters,
Attorney for Creditor
3705 Marlane Drive
Grove City, OH 43123

Date: 1-2-18

Co-Borrower, if also reaffirming these debts

Date: _____

## PART C: CERTIFICATION BY DEBTOR'S ATTORNEY (IF ANY).

*[To be filed only if the attorney represented the debtor during the course of negotiating this agreement.]*

I hereby certify that (1) this agreement represents a fully informed and voluntary agreement by the debtor; (2) this agreement does not impose an undue hardship on the debtor or any dependent of the debtor; and (3) I have fully advised the debtor of the legal effect and consequences of this agreement and any default under this agreement.

☐ [Check box, if applicable and the creditor is not a Credit Union.] A presumption of undue hardship has been established with respect to this agreement. In my opinion, however, the debtor is able to make the required payment.

Printed Name of Debtor's Attorney: Robert Shelton

Signature of Debtor's Attorney: _____

Date: 12-21-17

## PART D: DEBTOR'S STATEMENT IN SUPPORT OF REAFFIRMATION AGREEMENT

[Read and complete sections 1 and 2, OR, if the creditor is a Credit Union and the debtor is represented by an attorney, read section 3. Sign the appropriate signature line(s) and date your signature. If you complete sections 1 and 2 and your income less monthly expenses does not leave enough to make the payments under this reaffirmation agreement, check the box at the top of page 1 indicating "Presumption of Undue Hardship." Otherwise, check the box at the top of page 1 indicating "No Presumption of Undue Hardship"]

1. I believe this reaffirmation agreement will not impose an undue hardship on my dependents or me. I can afford to make the payments on the reaffirmed debt because my monthly income (take home pay plus any other income received) is $ 3309.00, and my actual current monthly expenses including monthly payments on post-bankruptcy debt and other reaffirmation agreements total $ 2695.88, leaving $ 613.12 to make the required payments on this reaffirmed debt.

I understand that if my income less my monthly expenses does not leave enough to make the payments, this reaffirmation agreement is presumed to be an undue hardship on me and must be reviewed by the court. However, this presumption may be overcome if I explain to the satisfaction of the court how I can afford to make the payments here: _____

_____

**(Use an additional page if needed for a full explanation.)**

2. I received a copy of the Reaffirmation Disclosure Statement in Part A and a completed and signed reaffirmation agreement.

X _Estrella Lopez_
ESTRELLA LOPEZ

Date: 12-21-17

— *Or* —
*[If the creditor is a Credit Union and the debtor is represented by an attorney]*

3. I believe this reaffirmation agreement is in my financial interest. I can afford to make the payments on the reaffirmed debt. I received a copy of the Reaffirmation Disclosure Statement in Part A and a completed and signed reaffirmation agreement

_____
ESTRELLA LOPEZ

Date: _____

October 20, 2017


**INDEPENDENT**
BANK

Estrella M Lopez
2000 Fremont St
Bay City, MI 48708

RE: Loan: 01394023491-1

Dear Ms Lopez:

Thank you for contacting Independent Bank ("IB") in regards to the above referenced loan (the "Loan"). Based on a careful review of the information you provided, you are eligible for a temporary "Repayment Plan". Under this plan, you will have time to repay the past due amounts on the Loan, by making supplemental payments in addition to your regular monthly payments.

As of October 20, 2017, the total past due amount on the Loan is $1,873.17. This amount includes all past due payments of interest, principal and escrow (if applicable), as well as late charges and any amounts that IB may have paid on your behalf (Advances[1]). The total past due amount will be included as a part of the new "Total Monthly Payment" amount listed in the Repayment Plan Terms section below.

### Repayment Plan Terms
Under the Repayment Plan, you must make the new payment of $720.21[2] beginning on November 30, 2017, which is the "First Payment Due" and continuing for 12 months during the term of the Repayment Plan which will last until October 30, 2018. Below is a breakdown of the Repayment Plan and Terms

- **Regular Monthly Payment:** $564.12[2]. This is your current monthly Loan payment.
- **Supplemental Monthly Payment:** $156.09. This is the amount you'll pay each month *in addition* to your Regular Monthly Payment which will be applied towards the total past due amount.
- **Total Monthly Payment amount:** $720.21[2]. This is the new monthly Loan payment amount that you'll pay during the term of the Repayment Plan.
- **First Payment Due Date:** November 30, 2017. Date by which we must receive the new Total Monthly Payment. You must make your payments on or before the due dates during the term of the Repayment Plan.
- **Term of Repayment Plan:** 12 month. This is the term allocated to bring the total past due amount current. If all of the "Total Monthly Payment" amounts are made on time, the Loan should be current at the end of this plan, assuming no additional fees or charges accrue during the plan.
- Payments are to be mailed to:
  *Independent Bank: Attn: Borrowers Assistance Team, 4200 East Beltline, Grand Rapids, MI 49525*

### To Accept This Offer
You must contact IB at 844-481-6869 no later than **November 03, 2017** to inform us of your intent to accept the Repayment Plan offer. You must sign the Repayment Plan and return it to Independent Bank at the address listed above.

If you *do not* respond by **November 03, 2017** to indicate your intent to accept this offer:
- Foreclosure proceedings may continue, and a foreclosure sale may occur, even if such sale is scheduled prior to **November 03, 2017**, and
- This offer will be revoked

### Additional Repayment Plan Information and Legal Notices
If you contact IB by **November 03, 2017** to indicate your intent to accept this offer:
- IB will not refer your loan to foreclosure. If your loan has already been referred to foreclosure, IB will suspend the next legal action in the foreclosure proceedings.
- IB will not proceed with a foreclosure sale during this Repayment Plan *provided* you are complying with the terms of the plan. Any pending foreclosure action or proceeding that has been suspended may be resumed if you fail to comply with the terms of Repayment Plan.

- You agree that we may hold the supplemental monthly payments you are able to make in a suspense account until funds are sufficient to pay the oldest delinquent payment. You also agree that we will not owe you interest on any amounts held in the suspense account. Any money left in this suspense account at the end of the plan, will be posted to your account to reduce your principal balance, or towards any outstanding late charges owing.
- The acceptance and posting of payments during the repayment plan will not be deemed a waiver of the acceleration of your loan (or foreclosure actions) and related activities, and shall not constitute a cure of the default under your loan unless such payments are sufficient to completely cure your entire default under your loan.
- If the regularly scheduled payment did not include escrows for taxes and insurance:
    a) You agree to establish an escrow account and to pay required escrows into that account and any prior waiver that allowed you to pay directly for taxes and insurance is now revoked

**Your current loan documents remain in effect;**
- You agree that all terms and provisions of your Note and Mortgage security instrument remain in full force and effect and you will comply with those terms; and that nothing in the repayment plan shall be understood or construed to be a satisfaction or release in whole or in part of the obligations contained in the Loan documents.

**Your Rights to Appeal within 14 days of Evaluation:**
- You have the right to accept or reject this offer simultaneously with an appeal of IB's Foreclosure Prevention Alternative decision.
- You have the right to appeal the Foreclosure Prevention Alternative decision for the First Complete Borrower Response Package received.
- Appeal must be in writing and include your Name, Address, Account Number
- You understand that any appeal determination will not be subject to any further appeals.
- You will have the right to accept any offer that is approved as a result of the appeal or you have the right to accept the original offer which may still be available as an option up to 14 days after the appeal decision.

**Credit Reporting:**
Please note that we will continue to report the delinquency status of your loan to credit reporting agencies in accordance to the Fair Credit Reporting Act. As a result of entering into a plan in which the account is not immediately brought current, may adversely affect your credit score.

Sincerely,

Keturia
Loss Mitigation Specialist
844-481-6869 ext.
ktate@ibcp.com

I acknowledge and will comply with the repayment schedule outlined in this matter.

X _Estrella M Lopez_     Date: 12-21-17
Estrella M Lopez

Date: _____

[1] Please note that the total amount required to bring your Loan current noted above may include advances for expenses we have incurred in connection with your Loan obligations. These expenses may include attorney fees and costs, repossession fees and cost, property preservation, inspections, and/or other expenses, resulting from your failure to pay your Loan on time.
[2] If the Loan is an adjustable rate mortgage, this amount is subject to change based on the terms of the mortgage.

THIS COMMUNICATION IS MADE IN AN ATTEMPT TO COLLECT A DEBT OR TO OBTAIN INFORMATION ABOUT A CONSUMER BY A DEBT COLLECTOR ATTEMPTING TO COLLECT A DEBT. ANY AND ALL INFORMATION OBTAINED WILL OR MAY BE USED FOR THAT PURPOSE.

IF YOU BELIEVE AN ERROR HAS OCCURRED REGARDING POSTING OF TRANSACTIONS, PLEASE SEND A WRITTEN NOTICE EXPLAINING THE ERROR TO INDPENDENT BANK, ATTN: ERROR RESOLUTION, 230 W. MAIN, IONIA, MI 48846

P 888.300.3193 | INDEPENDENTBANK.COM | EQUAL HOUSING LENDER | MEMBER FDIC